UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Felipe E.S.D., | Civil No. 26-cv-1000 (MJD/SGE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| David Easterwood, *et al.*, | |
| Respondents. | |

This matter is before the Court on Petitioner Felipe E.S.D.'s[1] Petition for Habeas Corpus ("Petition", Dkt. 1). Felipe maintains that his detention violates the Immigration and Nationality Act, his Fifth Amendment rights to due process, and the Administrative Procedures Act. He requests a bond hearing consistent with 8 U.S.C. § 1226 and release from federal custody. (Dkt. 1.) Respondents oppose the petition. (Dkt. 8.) The matter has been referred to the undersigned by United States District Judge Michael J. Davis for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons set forth below, this Court recommends that the Petition be **GRANTED**.

## BACKGROUND

Felipe is a citizen of Mexico who has resided in the United States for more than fifteen years. (Pet. ¶ 14.) He currently lives in Minnesota with his two children who are U.S. citizens. (*Id.*) According to the Petition, Felipe was served with a Notice to Appear

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner only by his first name and last initial.

1

for removal proceedings, and he has a pending EOIR-42B that was dismissed on June 30, 2022, after an offer of Prosecutorial Discretion. (*Id.* ¶ 17.) On February 3, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Felipe in the midst of Operation Metro Surge in Minneapolis, and he is currently held at Fort Snelling near St. Paul, Minnesota. (*Id.* ¶ 18.)

The Court, United States District Judge Michael J. Davis, issued an Order to Show Cause on February 4, 2026, requiring Respondents to file an answer to the issues raised in the Petition and enjoining Respondents from removing Felipe from the District of Minnesota until a final decision is made in his Petition. (Dkt. 6.) Judge Davis specifically ordered:

> Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner Felipe S.M. [sic] by no later than February 6, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

(*Id.* ¶ 1.) Judge Davis further ordered:

> Respondents' answer should include:
>
> a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;
>
> b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;
>
> c. Respondents' recommendation on whether an evidentiary hearing should be conducted; and
>
> d. Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release.

(*Id.* ¶ 2.)

On February 6, 2026, Respondents filed a two-page Response to the Petition. (Dkt. 8.) Respondents stated that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and incorporated the arguments currently on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). Despite Judge Davis's order, Respondents failed to attach to their response any affidavits or exhibits to justify the lawfulness of Felipe's detention or any warrant justifying his arrest. (*See* Dkt. 10.)

## ANALYSIS

Two statutes govern the detention of noncitizens pending removal proceedings—8 U.S.C. §§ 1225 and 1226. In recent months, Respondents, have taken the position that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) applies to noncitizens, already in the United States, that entered without inspection. By incorporating the arguments put forward in *Avila*, Respondents argue that in these circumstances, noncitizens are not entitled to a bond hearing under 8 U.S.C. § 1226(a) as a matter of statutory interpretation. Felipe argues that he is not subject to mandatory detention under § 1225(b)(2) and is instead subject to the discretionary framework of § 1226(a), which requires that he receive a bond hearing. In sum, the parties' disagreement amounts to one of statutory interpretation: whether 8 U.S.C. § 1225(b)(2) or § 1226(a) applies to noncitizens already residing in the United States.

Respondents implicitly concede that Felipe's claim is similar to the numerous other immigration cases in this District[2] where noncitizens, found in Minnesota and detained by ICE, seek bond hearings pursuant to 8 U.S.C. § 1226(a), and in which the majority of district judges in this district have ruled against Respondents' interpretation of the law and the application of 8 U.S.C. § 1225(b)(2). *See E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787 (D. Minn. Nov. 25, 2025); *Jose J.O.E. v. Bondi*, No. 25-cv-3051 (ECT/DJF), 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *Francisco T. v. Bondi*, No. 25-cv-3219 (JMB/DTS), 2025 WL 2629839 (D. Minn. Aug. 29, 2025); *Roberto M. v. Olson*, No. 25-cv-4456 (LMP/ECW), ECF No. 15 (D. Minn. Dec. 9, 2025*); Iishaar-Abdi v. Klang*, No. 25-cv-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *but see Abdirhamaan G. v. Noem et al.*, 26-cv-34 (PAM/SGE), Dkt. 7 (adopting Respondents' interpretation of the statute). Indeed, Judge Davis has also concluded that § 1226(a) governs the detention of noncitizens who are already present or residing in the United States, such as Felipe—not § 1225(b), which governs the detention of noncitizens seeking admission into the United States. *See Awaale v. Noem*, No. 25-cv-

---

[2] *See* Dkt. 4 ("[T]his Petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided.").

4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Mohamed A. v. Bondi et al.*, 25-cv-4515 (MJD/ECW), Dkt. 17.

Beyond Minnesota, district courts across the nation and the Seventh Circuit Court of Appeals have addressed this exact question and agreed that § 1226(a), not § 1225(b), governs detention of noncitizens already present in the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Demirel v. Fed. Detention Ctr.*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *6–7 (E.D. Mich. Sept. 9, 2024) (collecting cases); *but see Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir. filed Feb. 6, 2026).

Respondents do not assert that Felipe has any criminal history other than the one traffic offense that Felipe disclosed himself. (Dkt. 1 at 4.) Respondents also fail to offer any argument that a different exception would subject Felipe to mandatory detention under § 1226(c) or that his case is in any way distinguishable from the many other cases in this District. Respondents merely maintain the same argument that detention is mandatory under 8 U.S.C. § 1225(b), which as discussed above, has been repeatedly rejected. *See Fuentes*, 2025 WL 3524455, at * 1 ("The Government has now been told nearly 300 times (and counting) that its mandatory-detention scheme is unlawful. Yet as this case illustrates, the Government has not taken "no" for an answer.") (citing *Demirel*, 2025 WL 3218243, at *4). The undersigned finds no reason to depart from the well-reasoned judicial consensus in this district and across the country.

That, however, is not the end of the inquiry. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." In other words, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v. Bondi*, No. 26-cv-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation omitted). Because a warrant is a "necessary condition" to justify detention under § 1226(a), "[i]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (cleaned up); *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same).

Judge Davis's Order to Show Cause gave Respondents an opportunity to demonstrate any justification for Felipe's arrest. Despite this opportunity, Respondents failed to provide a valid statutory basis for Felipe's detention or demonstrate that the warrant requirement of § 1226(a) had been met. "[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." *Cristian Z.*, 2026 WL 123116, at *2 (citation omitted). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.* (citations omitted). Because Respondents have failed to demonstrate a legal justification for Felipe's detention, this Court recommends that he be released from custody immediately.

6

## RECOMMENDATION

Based on all the files, records, and proceedings herein, this Court hereby **RECOMMENDS** that the Petition (Dkt. 1) be **GRANTED**, and that Felipe E.S.D. be immediately released from detention into Minnesota without conditions, and that Respondents be ordered to return to Felipe E.S.D. any documents, property, or effects seized during his arrest

Dated: February 10, 2026

                                               *s/Shannon G. Elkins*
                                               SHANNON G. ELKINS
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under the circumstances of this case and Local Rule 72.2(b)(1), the parties may file and serve specific written objections to a magistrate judge's proposed findings and recommendations **within 2 days** of the filing of the Report and Recommendation without regard to weekends or holidays. A party may respond to those objections **within 2 days** after being served a copy of the objections without regard to weekends or holidays. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).